UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Keith A. Smyth, ) | Civil Action No.: 0:21-cv-00649-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Bryan Stirling, *Director*; and ) | |
| Chelsea Johnson, *Program Manager, I.C.S.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on Plaintiff's objections to the Report and Recommendation (R & R) of United States Magistrate Judge Paige J. Gossett, who recommends granting Defendants' motion for summary judgment and denying Plaintiff's motion for a preliminary injunction. ECF No. 127.

**Legal Standards**[1]

I. **Review of the R & R**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[1] The Court is mindful of its duty to liberally construe Plaintiff's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of pro se litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (cleaned up)).

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court need only review for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## II. Summary Judgment

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party, *Reyazuddin*, 789 F.3d at 413, but the Court "cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015).

Moreover, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "A

dispute of material fact is 'genuine' if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party." *Seastrunk v. United States*, 25 F. Supp. 3d 812, 814 (D.S.C. 2014). A fact is "material" if proof of its existence or nonexistence would affect disposition of the case under the applicable law. *Anderson*, 477 U.S. at 248.

At the summary judgment stage, "the moving party must demonstrate the absence of a genuine issue of material fact. Once the moving party has met his burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992) (internal citation omitted). Summary judgment is not warranted unless, "from the totality of the evidence, including pleadings, depositions, answers to interrogatories, and affidavits, the [C]ourt believes no genuine issue of material fact exists for trial and the moving party is entitled to judgment as a matter of law." *Whiteman v. Chesapeake Appalachia, L.L.C.*, 729 F.3d 381, 385 (4th Cir. 2013); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

## Discussion

Plaintiff Keith A. Smyth, a transgender prisoner incarcerated in the South Carolina Department of Corrections (SCDC), filed this action pursuant to 42 U.S.C. § 1983 alleging her[2] constitutional rights were violated while housed in the Intermediate Care Services (ICS) unit at Kirkland Correctional Institution from November 2019 to January 2021.[3] ECF No. 1 (complaint). Plaintiff sues Defendants

---

2    The Court uses feminine pronouns, consistent with Plaintiff's preference and the parties' filings. *See, e.g., Farmer v. Circuit Court*, 31 F.3d 219, 220 n.1 (4th Cir. 1994) ("This opinion, in accord with Farmer's preference, will use feminine pronouns.").

3    "The ICS is a residential mental health program provided in a therapeutic environment within the [SCDC] and is a part of the Division of Behavioral/Mental Health and Substance Abuse Services []. Inmates receive medication therapy, counseling services, and educational interventions aimed at managing psychiatric symptoms, improving basic coping skills, and developing general self-care skills. All services are provided by or under the

Bryan Stirling (Director of the SCDC) and Chelsea Johnson (program manager of the ICS unit) in their individual capacities, generally alleging that Johnson and Stirling discriminated against her for being transgender and that Johnson retaliated against her for filing grievances.[4] The Magistrate Judge recommends granting Defendants' motion for summary judgment because Plaintiff failed to properly exhaust administrative remedies.[5] ECF No. 127 [R & R] at pp. 3–7. The Magistrate Judge also recommends denying Plaintiff's motion for a preliminary injunction. *Id.* at pp. 7–9. Plaintiff has filed objections to the R & R. ECF No. 133 [Pl.'s Objs.].

The Prison Litigation Reform Act (PLRA) requires a prisoner to exhaust available administrative remedies before filing an action under § 1983. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes"). "The requirement that inmates comply with all steps of a grievance policy is important because it gives a prison a full 'opportunity to correct its own mistakes' before federal litigation is launched." *Moss v. Harwood*, 19 F.4th 614, 621 (4th Cir. 2021) (quoting *Woodford v. Ngo*, 548 U.S. 81, 89 (2006)); *see Woodford*, 548 U.S. at 95 ("The prison grievance system will not have such an opportunity unless the

---

supervision of licensed professional mental health staff." ECF No. 108-2 at pp. 88–89.

[4] The Magistrate Judge construed Plaintiff's § 1983 complaint as asserting (1) a First Amendment retaliation claim against Defendant Johnson, (2) an Eighth Amendment conditions of confinement claim against Defendant Stirling, and (3) Fourteenth Amendment equal protection claims against Defendants Johnson and Stirling. R & R at p. 2 (citing ECF No. 13 at p. 1).

[5] Separately, the Court questions whether 42 U.S.C. § 1997e(e) bars Plaintiff's § 1983 action because she alleges "mental abuse" as her injury. ECF No. 1 at p. 11; *see* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."). If so, dismissal would be warranted. *See* 42 U.S.C. § 1997e(c) (permitting the court to dismiss § 1983 prison condition claims on its own motion); 28 U.S.C. § 1915(e)(2)(B) (same for *in forma pauperis* actions). However, the Court is mindful of contrary Fourth Circuit precedent. *See Wilcox v. Brown*, 877 F.3d 161, 169–70 (4th Cir. 2017) (rejecting application of § 1997e(e) to First Amendment claims).

4

grievant complies with the system's critical procedural rules."); *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (stating "a prisoner must have utilized all available remedies 'in accordance with the applicable procedural rules'" (quoting *Woodford*, 548 U.S. at 88)).  "[T]he PLRA exhaustion requirement requires proper exhaustion," *Woodford*, 548 U.S. at 93, and "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).  However, the PLRA has a "built-in exception to the exhaustion requirement: A prisoner need not exhaust remedies if they are not 'available.'"  *Ross v. Blake*, 578 U.S. 632, 635–36 (2016).

The SCDC has a three-step grievance process.[6] *First*, an inmate must seek informal resolution by submitting (to the appropriate supervisor/staff) a Request to Staff Member (RTSM) paper form or an Automated Request to Staff Member (ARTSM) using an electronic kiosk.  *Second*—if informal resolution fails—the inmate must complete a Step 1 grievance form and place it in a designated drop box; <u>critically, when completing a Step 1 grievance, the inmate must attach a copy of the RTSM or provide the kiosk reference number for the ARTSM</u>.  *Third*, the inmate may appeal the response to the Step 1 grievance by completing a Step 2 grievance form and placing it in the designated box.  The response to the Step 2 grievance is considered to be the SCDC's final agency decision.[7]

---

[6] Defendants have provided a copy of the SCDC grievance procedure (issued May 12, 2014) and an affidavit from Felecia McKie, Chief of the Inmate Grievance Branch, detailing that procedure.  ECF No. 108-2 at pp. 2–15; ECF No. 113.  The Court also takes judicial notice of prior cases detailing the procedure.  *See, e.g.*, *Liewald v. McFadden*, No.8:16-cv-00859-RBH-JDA, 2017 WL 6816578, at *6 (D.S.C. Nov. 20, 2017) (detailing the SCDC grievance procedure), *adopted*, 2017 WL 6815034 (D.S.C. Dec. 28, 2017); *Wolfe v. Reynolds*, No. 4:18-cv-01350-JD-TER, 2021 WL 4055297, at *4 (D.S.C. June 25, 2021) (same), *adopted*, 2021 WL 3417973 (D.S.C. Aug. 5, 2021); *see generally Brooks v. Davenport*, No. 9:15-cv-03195-PMD, 2016 WL 5425071, at *2 (D.S.C. Sept. 29, 2016) (finding it appropriate to take judicial notice of SCDC's grievance procedure), *aff'd*, 721 F. App'x 267 (4th Cir. 2018).

[7] Although the R & R indicates appeal to the South Carolina Administrative Law Court is a necessary step, R & R at pp. 4–5, this Court has previously ruled otherwise.  *See King v. McPherson*, No. 0:15-CV-2358-RBH, 2017 WL 490111, at *4 (D.S.C. Feb. 6, 2017) (holding an SCDC inmate did *not* need to appeal to the ALC to exhaust administrative remedies under the PLRA (collecting cases)), *aff'd*, 690 F. App'x 123 (4th Cir. 2017).  However, Plaintiff has not objected to this portion of the R & R, which is not clearly erroneous, *see Diamond*, 416 F.3d at 315

Here, the record shows Plaintiff failed to provide RTSM forms or ARTSM kiosk reference numbers with her pertinent Step 1 grievances demonstrating efforts at informal resolution. *See* ECF No. 108-3 at p. 2 (listing grievances with "NO RTSM/ARTSM"); *id.* at p. 5 (grievance with "NO RTSM/ARTSM"); ECF No. 1-1 at p. 16 (Step 1 grievance form—attached to Plaintiff's complaint—instructing her to "attach answered RTSM or Kiosk reference number" and stating "[t]his grievance has been processed and returned to you. No Request to Staff Form."); ECF No. 48-3 at p. 2 (same Step 1 grievance); ECF No. 97-1 at p. 3 (same Step 1 grievance); ECF No. 113 at pp. 3, 11–13 (McKie affidavit specifying the pertinent grievances from November 2019 and onward that were "processed and returned for failing to complete Informal Resolution"). The Magistrate Judge is likewise correct that Plaintiff "failed to attach Request to Staff Forms to her Step 1 Grievances" and that while she "filed a plethora of Requests to Staff regarding various complaints," "not attaching them when filing a Step 1 Grievance clearly does not comply with SCDC's grievance policy." R & R at pp. 6–7. It is clear Plaintiff failed to comply with a "critical procedural rule" of the SCDC grievance process.[8] *Woodford*, 548 U.S. at 95.

---

(stating a district court need only review for clear error absent a timely filed objection), because other judges in this district have determined appeal to the ALC *is* necessary for exhaustion. *See, e.g.*, *McFadden v. Westley*, No. 0:12-cv-02392-JMC, 2014 WL 4104714, at *2, 5 (D.S.C. Aug. 19, 2014) ("[T]he Administrative Law Court is part of the available administrative remedies that an inmate must exhaust."), *aff'd*, 590 F. App'x 285 (4th Cir. 2015); *Maradiaga v. Bethea*, No. 4:08-cv-00226-PMD, 2009 WL 2829900, at *3 (D.S.C. Sept. 1, 2009) (same), *aff'd*, 363 F. App'x 987 (4th Cir. 2010). In any event, Plaintiff failed to exhaust her administrative remedies for the separate reasons explained below.

[8]     Other cases in this District have been dismissed on the same basis. *See, e.g.*, *Al-Haqq v. Johnson*, No. 1:19-cv-00158-DCC-SVH, 2020 WL 3848117, at *5–6 (D.S.C. Feb. 28, 2020) ("[I]t is undisputed Plaintiff filed a step 1 grievance form [] after the incident in question, but his grievance was not processed because he did not provide reference to or documentation of an informal resolution."), *adopted*, 2020 WL 1872370 (D.S.C. Apr. 15, 2020), *aff'd*, 827 F. App'x 364 (4th Cir. 2020); *Robinson v. Carpenter*, No. 5:18-cv-02175-JMC-KDW, 2019 WL 4395301, at *4 (D.S.C. Apr. 29, 2019) ("Plaintiff did not provide the RTSM form as instructed in the response to his Step 1 grievance."), *adopted*, 2019 WL 4393988 (D.S.C. Sept. 13, 2019); *Wooden v. Dunlap*, No. 8:16-cv-03549-JMC, 2018 WL 401178, at *2 (D.S.C. Jan. 12, 2018) ("Plaintiff filed a Step 1 form which was returned to him because he 'failed to attempt a written informal resolution as required,' meaning that he did not file a RTSM or an ARTSM."); *Robinson v. Marquardt*, No. 5:14-cv-04664-JMC-KDW, 2016 WL 536614, at *4 (D.S.C. Jan. 20, 2016) ("Plaintiff

In her objections, Plaintiff does not dispute her failure to provide RTSM forms (or ARTSM numbers). Instead, she contends the Magistrate Judge failed to consider (1) an exhibit showing an SCDC official "admitted" one of Plaintiff's grievances was "'misplaced'" and (2) the SCDC kiosk system. Pl.'s Objs. at pp. 2–3. However, that exhibit shows Plaintiff was allowed to refile the grievance—which Plaintiff did. *Compare* ECF No. 133-1 at p. 5 (exhibit attached to Plaintiff's objections), *with* ECF No. 48-3 at p. 3 (same exhibit but with Plaintiff's signature confirming refiling). In fact, as noted by the Magistrate Judge, the record indicates Plaintiff successfully filed other Step 1 grievances (unrelated to this litigation) complying with the RTSM/ARTSM requirement. *See Moss*, 19 F.4th at 623 ("[W]here, as here, an inmate in fact is able to participate in a grievance process, notwithstanding alleged obstacles, then that process remains 'available' for purposes of the PLRA[.]"); *cf., e.g.*, *id.* at 621–23 (affirming summary judgment where the plaintiff failed to explain why he was able to successfully file some grievances but not others). Moreover, the Magistrate Judge cites the specific paragraph in Felecia McKie's affidavit mentioning the kiosk/ARTSM system. R & R at p. 7 (citing ECF No. 113 at p. 4 / ¶ 6). While Plaintiff lists various kiosk numbers and claims Defendants failed to produce "numerous complaints and grievances,"[9] Pl.'s Objs. at pp. 2–3, she still has not disputed her failure to provide RTSM/ARTSM information with the pertinent Step 1 grievances. In sum, Plaintiff failed to properly exhaust administrative remedies, and the Court will dismiss her claims

---

failed to exhaust his administrative remedies prior to filing his Complaint. Plaintiff did not provide the Request to Staff Member form as instructed in the response to his Step 1 grievances."), *adopted*, 2016 WL 524263 (D.S.C. Feb. 10, 2016).

[9]  Plaintiff also filed a motion to compel in conjunction with her objections. ECF No. 134. The Court will deny this motion as untimely and noncompliant with Local Civil Rules 5.01, 7.04, and 37.01(A) (D.S.C.). *See, e.g.*, ECF No. 124 (Magistrate Judge denying motion to compel for identical reasons). The Court notes Plaintiff filed multiple discovery motions—including four motions to compel (one of which the Magistrate Judge granted)—throughout these proceedings and did not timely appeal/object to any of the Magistrate Judge's discovery rulings.

without prejudice.  *See Moss*, 19 F.4th at 623 n.3 (noting a dismissal for failure to exhaust administrative remedies is without prejudice).[10]

### Conclusion

For the foregoing reasons, the Court **ADOPTS AS MODIFIED** the Magistrate Judge's R & R [ECF No. 127], **GRANTS** Defendants' motion for summary judgment [ECF No. 108], **DISMISSES** Plaintiff's claims without prejudice, and **FINDS** Plaintiff's motion for a preliminary injunction [ECF No. 91] is **MOOT**.  The Court **DENIES** Plaintiff's motion to compel [ECF No. 134] and **DIRECTS** the Clerk to close this case.

**IT IS SO ORDERED.**

Florence, South Carolina  
August 16, 2022

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge

---

[10] Plaintiff's motion for a preliminary injunction is moot and adopts the R & R as modified in that respect. *See, e.g.*, *Woods v. Evatt*, 876 F. Supp. 756, 773 (D.S.C. 1995) (granting the defendants' motion for summary judgment and finding the plaintiff's motions for preliminary injunctions moot because "the plaintiffs are not entitled to relief"); *Stewart v. City of Red Wing*, 554 F. Supp. 2d 924, 932 (D. Minn. 2008) ("Because the Court grants defendants' motion for summary judgment and dismisses plaintiffs' complaint, plaintiffs' motion for a preliminary injunction is effectively moot.").  Even if the motion were not moot, Plaintiff's relevant objection is general and conclusory, *see* Pl.'s Objs. at p. 3, and the Court would deny the motion for the reasons provided by the Magistrate Judge. *See* R & R at pp. 7–9.